**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **VINCENT CAREY** ) | |
| ) | **Civil Action No.** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **STANDLEY AND ASSOCIATES, LLC** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## COMPLAINT

1.      This is an action for damages brought by an individual consumer against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA") and other common law rights.  These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION & VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff Vincent Carey is an adult individual residing at 804 Chester Avenue, Bremerton, WA 98337.

5.      Defendant Standley and Associates, LLC is a business entity that regularly conducts business in Philadelphia County, Pennsylvania and is  regularly engaged in the business

of collecting debts with its principal place of business located at 5005 West 81st Place Suite 200, Westminster, CO 80031. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

6.      At all pertinent times hereto, Defendant was hired by Credit One to collect a debt relating to a credit card allegedly owed to Credit One (hereafter the "debt").

7.      The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

8.      In or around October 2009, Defendant initially contacted Plaintiff to coerce payment of the debt with the intent to annoy, abuse, or harass. At this time, Defendant's representative misrepresented that Plaintiff committed fraud and threatened that Plaintiff would be sued if payment was not made immediately.

9.      Notwithstanding the above, Defendant continued to contact Plaintiff multiple times per week for the months thereafter wherein Defendant's representative continually threatened to sue Plaintiff and accused Plaintiff of committing fraud.

10.      Notwithstanding the above, in or around March 2010, Defendant contacted Plaintiff to coerce payment of the debt with the intent to annoy, abuse, or harass wherein Defendant's representative threatened Plaintiff with obscene language stating that "there is no excuse for {Plaintiff} not to pay his fucking bill."

11.      Notwithstanding the above, on or around April 21, 2010, Defendant contacted Plaintiff to coerce payment of the debt with the intent to annoy, abuse, or harass at the hour of 10:30 P.M.

12.     Notwithstanding the above, on or around April 29, 2010, Defendant contacted Plaintiff wherein Defendant's representative again threatened that Plaintiff would be taken to court if he did not pay immediately.

13.     Defendant acted in a false, deceptive, misleading and unfair manner by communicating with the consumer at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

14.     Defendant acted in a false, deceptive, misleading and unfair manner by using obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.

15.     Defendant acted in a false, deceptive, misleading and unfair manner by threatening action that cannot legally be taken or is not intended to be taken.

16.     Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing that the consumer committed any crime or other conduct in order to disgrace the consumer.

17.     Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

18.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

19.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and Plaintiff will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I- VIOLATIONS OF THE FDCPA

21.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

23.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

24.     The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

25.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692c(a)(1), 1692d(2), 1692e(5), 1692e(7), 1692e(10), 1692f, and as evidenced by the following conduct:

        a)  Communicating with the consumer at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer;

b) Using obscene or profane language or language the natural consequence of which is to abuse the hearer or reader;

c) Threatening to take any action that cannot legally be taken or is not intended to be taken;

d) Falsely representing that the consumer committed any crime or other conduct in order to disgrace the consumer; and

e) Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from Plaintiff.

26.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

27.    As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

28.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29.    Defendant engaged in extreme and outrageous conduct beyond all bounds of decency including but not limited to falsely threatening that Plaintiff would be sued and falsely misrepresenting that Plaintiff committed fraud thus causing Plaintiff to suffer severe emotional distress.

30.    The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the severe emotional distress suffered by Plaintiff.

31.     Defendant is thus liable to Plaintiff for all actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### **JURY TRIAL DEMAND**

32.     Plaintiff demands trial by jury on all issues so triable.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

        (a) Actual damages;

        (b) Statutory damages;

        (c) Punitive damages;

        (d) Costs and reasonable attorney's fees; and

        (e) Such other and further relief as may be just and proper.


                Respectfully Submitted,

                **FRANCIS & MAILMAN, P.C.**

BY:    */s/ Mark D. Mailman*
                MARK D. MAILMAN, ESQUIRE
                GREGORY J. GORSKI, ESQUIRE
                Land Title Building, 19th Floor
                100 South Broad Street
                Philadelphia, PA 19110
                (215) 735-8600

                Attorneys for Plaintiff

DATE:  September 24, 2010